## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN WAGNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1692 RWS |
| | ) | |
| 22ND JUDICIAL CIRCUIT COURT | ) | |
| OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of petitioner, Benjamin Wagner, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial statement provided by petitioner, the Court finds that petitioner does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.37. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the petition, the Court finds that the petition should be dismissed pursuant to Federal Rule of Civil Procedural 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B) because this Court lacks jurisdiction over this matter and because it is legally frivolous. Additionally, to the extent petitioner is seeking relief under 28 U.S.C. § 2241, his request for habeas corpus relief will be denied and dismissed. See Rule 4 of the Rules Governing Habeas Corpus Cases.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of petitioner's account indicates an average monthly deposit of $101.83, and an average monthly balance of $38.21.  Petitioner has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $20.37, which is 20 percent of petitioner's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named respondents and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Petitioner brings this action seeking a writ of mandamus, pursuant to 28 U.S.C. § 1651.  Petitioner requests an order from this Court requiring the 22nd Judicial Court of Missouri to "respond to motions filed in case #1222-CR03703 by plaintiff as defendant pro se."  He additionally seeks an order from this Court requiring the City Court Judge presiding over his criminal case to "schedule a hearing on [his] habeas

corpus filings." See State v. Wagner, Case No. 1222-CR03703.[1]   Attached to petitioner's application for writ of mandamus is a copy of a letter/affidavit that appears to have been sent to the Judge assigned to his state criminal case.[2]   In the letter petitioner seeks to have his speedy trial rights upheld.

## Discussion

Petitioner's application for a writ of mandamus is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. See 28 U.S.C.A. § 1651(a); Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County, 323 F.2d 485, 486 (8th Cir.1963). The actions of the named respondent in the instant case are not within the jurisdiction of this Court. See Middlebrooks, 323 F.2d at 486; Veneri v. Circuit Court of Gasconade Co., 528 F.Supp. 496, 498 (E.D.Mo.1981)(federal courts have no superintending control over, and are without authority to issue writ of mandamus to

---

[1]According to Missouri Case.net, in State v. Wagner, Case No.1222-CR03703, petitioner was charged with two counts of sexual assault in the third degree; two counts of statutory sodomy in the first degree/deviate sexual intercourse with a person under the age of 14; two counts of forcible sodomy/deviate sexual intercourse by forcible compulsion; two counts of statutory rape in the first degree/sexual intercourse with a person less than 14 years old; four counts of forcible rape/sexual intercourse by forcible compulsion; child molestation in the first degree; and two counts of statutory rape in the first degree with a person less than 14 years old who suffered serious physical injury/displayed deadly weapon or a dangerous instrument.

[2]A copy of this letter was docketed in petitioner's criminal case, according to Missouri Case Net, on August 7, 2013, as a request for speedy trial.

direct, state court or its judicial officers in performing duties).

Moreover, to the extent petitioner is attempting to assert a violation of his speedy trial rights before this Court, his claim must be brought pursuant to 28 U.S.C. § 2241.  However even if petitioner had brought this action as a request for pretrial habeas relief under § 2241, his request would have to be denied.

Although federal courts have jurisdiction over pretrial habeas petitions, Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979), "[d]espite the existence of jurisdiction, []federal courts are reluctant to grant pre-trial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id.  Petitioner brought a prior § 2241 before this Court alleging a violation of his speedy trial rights in April of this year.  See Wagner v. Glass, 4:13CV812 DDN (E.D. Mo.).  Petitioner's request was denied and dismissed on July 24, 2013due to his failure to exhaust his state administrative remedies.  As petitioner was told at that time, his claims for speedy trial could be adequately raised with his appointed counsel,[3] at his criminal trial and in his subsequent state

---

[3]Although petitioner insists that he is "pro se" in his criminal action, a review of Missouri Case.Net shows that he is being represented by a Missouri Assistant Public Defender, Ramona Gau.

proceedings.[4]

The Court has reviewed the criminal docket and finds that the current grounds raised by petitioner still do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies such that he could demonstrate a deprivation of his right to speedy trial.

Furthermore, plaintiff is reminded that when a defendant or his counsel is responsible for the delays in trial, the defendant, by law, cannot claim a denial of his right to speedy trial. State v. Adams, 691 S.W.2d 432 (Mo.Ct.App.1985); State v. Cannon, 692 S.W.2d 357 (Mo.Ct.App.1985); State v.Daly, 731 S.W.2d 315(Mo.Ct.App.1987); State v.Clark, 723 S.W.2d 17 (Mo.Ct.App.1986). The Court has reviewed petitioner's case on Missouri Case.Net and found, as petitioner may already know, that petitioner's counsel has sought additional time from the Court to seek discovery in petitioner's case. Thus, it cannot be said that his speedy trial rights have been breached.

As a consequence, to the extent petitioner is seeking relief under 28 U.S.C. § 1651, this action shall be dismissed under Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. §

---

[4]Petitioner was also informed that he could attempt to exhaust his state remedies by filing **a state action** for declaratory judgment, habeas corpus or mandamus relief. See, e.g., Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996).

1915(e)(2)(B).  To the extent petitioner is seeking relief under 28 U.S.C. § 2241, this action shall be denied and dismissed under Rule 4 of the Rules Governing Habeas Corpus Proceedings.  An appeal of this dismissal would not be taken in good faith and no certificate of appealability shall issue.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner shall pay an initial filing fee of $20.37 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for writ of mandamus because this Court lacks jurisdiction over this matter, and, even if jurisdiction were present, the petition would be dismissed as legally frivolous.  See Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent petitioner is seeking relief under 28 U.S.C. § 2241, his petition for writ of habeas corpus is **DENIED AND DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of October, 2013.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

-8-